UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VASHON WOOLRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 08 C 3374 |
| | ) | Judge Kocoras |
| | ) | Magistrate Judge Cox |
| CHRISTOPHER #5974 and P.O. | ) | |
| JOHN DOE, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

## COUNT 1 - FALSE ARREST

Defendant Josephine Christopher, ("Defendant"), by one of her attorneys, Andrea E. Cook, Assistant Corporation Counsel, and Thomas J. Platt, Chief Assistant Corporation Counsel, for her Answer, Affirmative Defenses and Jury Demand to plaintiff's First Amended Complaint, on her own behalf and for no other unknown or un-named defendants, states as follows:

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois to redress deprivations of the Civil Rights of the Plaintiff and accomplished by acts and/or omissions of the Defendants committed under the color of law.

**ANSWER:** Defendant admits plaintiff purports to bring this lawsuit under 42 U.S.C.§ 1983 for alleged deprivation of civil rights against defendant under color of law, but denies any wrongful or illegal conduct

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

**ANSWER:** Defendant admit the jurisdiction of this court for the federal claims under 28 U.S.C. §§ 1331 and 1343 but and admits this court's supplemental jurisdiction

over the state law claim in Count II, but denies plaintiff has stated any claims upon which relief can be granted against defendant.

3. The Plaintiff VASHON WOOLRIDGE, at all relevant times, was a United States citizen and a resident of the State of Illinois.

**ANSWER:** On information and belief, defendant admits the allegations in this paragraph.

4. The Defendants, P.O. CHRISTOPHER #5974 and P.O. JOHN DOE, at all relevant times, were duly appointed Chicago Police Officers acting within their scope of employment and under color of law.

**ANSWER:** Defendant admits that at the time of the events alleged in the complaint, she was a duly appointed City of Chicago police officer who was acting in the course and scope of her employment and under color of state law.

5. On or about May 26, 2007, the Plaintiff, Vashon Woolridge, was walking down the street in the vicinity of Christiana and Huron in Chicago.

**ANSWER:** Defendant admits that on May 26, 2007, plaintiff was present on the street in the vicinity of Christiana and Huron, Chicago, Illinois but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

6. The Plaintiff, Vashon Woolridge, was not committing a crime or breaking any laws.

**ANSWER:** Defendant denies the allegations in this paragraph.

7. The Plaintiff, Vashon Woolridge, was approached by the Defendants, P.O. Christopher and P.O. John Doe., who stopped and searched him.

**ANSWER:** Defendant admits she and another officer approached plaintiff and another individual and admit that at a certain point in time, plaintiff was stopped and searched.

8.  The Plaintiff, Vashon Woolridge, has nothing illegal in his possession.

**ANSWER:**  Defendant denies the allegation in this paragraph.

9.  The Plaintiff, Vashon Woolridge, had some words with the officers and they arrested him.

**ANSWER:**  Defendant admits she spoke to plaintiff, but denies she "had words" with plaintiff. Defendant further admits plaintiff was arrested.

10.  There was no probable cause or basis to arrest the Plaintiff.

**ANSWER:**  Defendant denies the allegations in this paragraph.

11.  Said actions of Defendants, P.O. Christopher and P.O. John Doe, were intentional, willful and wanton.

**ANSWER:**  Defendant denies the allegations in this paragraph.

12.  Said actions of the Defendants, P.O. Christopher and P.O. John Doe, violated the Plaintiff, Vashon Woolridge's, Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. § 1983.

**ANSWER:**  Defendant denies the allegations in this paragraph.

13.  As a direct and proximate consequence of said conduct of Defendants, P.O. Christopher and P.O. John Doe, the Plaintiff, Vashon Woolridge, suffered violations of his constitutional rights, monetary expense, fear, emotional distress, pain and suffering.

**ANSWER:**  Defendant denies the allegations in this paragraph.

WHEREFORE, Defendant Josephine Christopher requests judgment in her favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

## COUNT II- MALICIOUS PROSECUTION

1-10.  The Plaintiff, Vashon Woolridge, hereby realleges his allegations of paragraphs 3-

12 of Count I as his allegations of paragraphs 1-10 of Count II as though fully set forth herein.

**ANSWER:** Defendant adopts and re-alleges her answers to paragraphs 3-12 of Count I as her answers to paragraphs 1-10 of Count II as though fully set forth here.

11. This matter went to court and was resolved in favor of the Plaintiff.

**ANSWER:** Defendant admits the matter went to court but denies that the case was resolved in favor of plaintiff.

12. The actions of the Defendant, P.O. Christopher and P.O. John Doe, constitute malicious prosecution under Illinois law.

**ANSWER:** Defendant denies the allegations in this paragraph.

13. As a direct and proximate cause of actions of the Defendants, P.O. Christopher and P.O. John Doe, the Plaintiff, Vashon Woolridge, suffered monetary expense, fear, emotional distress, pain and suffering, and anxiety.

**ANSWER:** Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant Josephine Christopher requests judgment in her favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

## COUNT III- INDEMNIFICATION

The allegations in Count III are not directed to this defendant or to any other named defendant in this case and therefore, defendant Josephine Christopher makes no answer to the allegations in Count III. To the extent the allegations in this Count III are construed against this defendant, they are denied.

## AFFIRMATIVE DEFENSES

1. Defendant is a government official, namely a police officer, who performed

discretionary functions. At all times material to the events alleged in the Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant could have believed her actions to be lawful, in light of clearly established law and the information that Defendant possessed. Therefore, Defendant is entitled to qualified immunity on plaintiff's 42 U.S.C. §1983 claims in Count I.

2.     Defendant is not liable for any of the state law claims because as a public employee, she is not liable for acts or omissions in execution or enforcement of the law, unless this conduct constitutes wilful and wanton conduct. 745 ILCS 10/2-202. Defendant denies any wilful and wanton conduct.

3.     Defendant is not liable for injuries arising out of the exercise of discretionary acts or determination of policy 745 ILCS 10/2-201.

4.     Any award of damages against defendant shall be reduced in proportion to the comparative fault of the plaintiff's own intentional or wilful and wanton conduct which proximately caused his claimed injuries and damages

5.     Defendant is not liable for injuries claimed under any of the state law claims because they are not liable for injuries caused by the acts or omission of other persons.745 ILCS 10/2-204.

6.     Defendant is not liable for injuries claimed under any of the state law claims because she is not liable for injuries caused by her instituting or prosecuting any judicial or administrative proceeding unless she acted maliciously and without probable cause. 745 ILCS 10/2-208.

**JURY DEMAND**

Defendant requests trial by jury.

WHEREFORE, Defendant Josephine Christopher requests judgment in her favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

                                              Respectfully submitted,

                                              /s/ Andrea E. Cook
                                              Assistant Corporation Counsel

30 N. LaSalle Street
Suite 700
Chicago, Illinois 60602
(312) 744-6958
ATTY. NO.  6288085

                                              /s/ Thomas J. Platt
                                              Chief Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois
312-744-4833
06181260                                        September 2, 2008